UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X
In re:

Michael Mckillop,                                             Chapter 13
                                                              Case No.: 14-75418-ast
         Debtor.
──────────────────────────────────────X

# ORDER DENYING MOTION FOR RECONSIDERATION

*General Background*

On December 5, 2014, the above-captioned debtor, Michael Mckillop (the "Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. Marianne DeRosa was appointed the chapter 13 trustee (the "Trustee"). Debtor is represented by William Waldner ("Debtor's Counsel").

On February 23, 2015, Apple Bank for Savings ("Apple Bank") filed a secured proof of claim, asserting that it is the holder of a note and mortgage encumbering Debtor's real property located at 1 East Broadway 7D, Long Beach, New York 11561. [Claim 4-1]

On March 31, 2015, Debtor filed a Second Amended Chapter 13 Plan (the "Plan"). [dkt item 18] Pursuant to the Plan, Debtor proposed to pay the Trustee 60 monthly installments of $291.78 from January 2015 through December 2019. The Plan provides that Debtor will cure a pre-petition arrearage in the amount of $332.27 due Apple Bank and that Debtor will pay post-petition mortgage payments outside the Plan.

On April 24, 2015, the Court entered an Order confirming the Plan. [dkt item 21]

On July 27, 2018, the Trustee filed a Notice of Final Cure Mortgage Payment and Completion of Payments under the Plan (the "Notice of Final Cure Payment"). [dkt item 26] In

the Notice of Final Cure Payment, the Trustee asserts that Debtor paid in full the amount to cure the pre-petition arrearage due Apple Bank.

On August 8, 2018, the Trustee filed a Certification of Completed Plan, certifying Debtor tendered all payments to the Trustee under the terms of the Plan. [dkt item 27]

On August 10, 2018, Apple Bank filed a Response to Notice of Final Cure Payment pursuant to Bankruptcy Rule 3002.1, alleging that Debtor was in arrears of post-petition mortgage payments in the amount of $982.40 that became due on July 1, 2018 (the "Objection").

On September 24, 2018, the Court entered an Order scheduling a hearing (the "Hearing") for October 16, 2018, on, among other things, the Objection, and directed Apple Bank to appear at the Hearing (the "Scheduling Order"). [dkt item 33]

On October 10, 2018, Debtor filed a letter in response to the Objection and Scheduling Order. [dkt item 35]

On October 16, 2018, the Court held the Hearing; Counsel for Debtor and Debtor appeared; there was no appearance by Apple Bank at the Hearing.

On October 30, 2018, the Court entered an Order overruling Apple Bank's Objection and directing that the Clerk of the Court may issue Debtor a discharge (the "Order Overruling Objection"). [dkt item 36]

On November 12, 2018, Apple Bank filed a Motion to Reconsider the Order Overruling Objection. [dkt item 39]

On November 13, 2018, Apple Bank filed an Amended Motion to Reconsider the Order Overruling Objection (the "Motion to Reconsider").[1] [dkt item 40]

---

[1] The Notice of Motion annexed to the Motion to Reconsider provides that a hearing date is scheduled for December 4, 2018. However, the CM/ECF docket entry 40 provides that the Motion to Reconsider will be presented to the Court for signature on December 4, 2018 and that no hearing is needed. Pursuant to Judge Trust's published

On December 4, 2018, the Court held a hearing on the Motion to Reconsider as scheduled by Apple Bank; there were no appearances at the hearing. The Court orally denied Apple Bank's Motion to Reconsider.

*Legal Analysis*

The Motion to Reconsider should be considered under Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP"). A motion to reconsider is properly considered under FRCP 59, which is incorporated into bankruptcy proceedings by Bankruptcy Rule 9023. *See Woodard v. Hardenfelder*, 845 F. Supp. 960, 964-67 (E.D.N.Y. 1994) ("The Second Circuit has noted that 'most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision'") (citing *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990)); *In re Jamesway Corp.*, 203 B.R. 543, 545-46 (Bankr. S.D.N.Y. 1996).

Additionally, Apple Bank asserts that the Motion to Reconsider should be considered under Rule 60 of the FRCP as incorporated by Bankruptcy Rule 9024, which provides that the court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). *See In re Coughlin*, 568 B.R. 461, 474 (Bankr. E.D.N.Y. 2017).

Accordingly, the Court will deem the Motion to Reconsider to be one under FRCP 59(e) and 60(b) as incorporated by Bankruptcy Rules 9023 and 9024.

***The Motion to Reconsider should be denied under FRCP 59(e)***

---

procedures, the Motion to Reconsider should have been filed without a hearing date. https://www.nyeb.uscourts.gov/judge-trusts-procedures#1008

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked"—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also Ramratan v. N.Y. City Bd. of Elecs.*, No. 06-cv-4770, 2006 U.S. Dist. LEXIS 64644, at *3 (E.D.N.Y. Sept. 11, 2006) (citing *JP Morgan Chase Bank v. Cook*, 322 F. Supp.2d 353, 354 (S.D.N.Y. 2004)); *Liberty Mut. Ins. Co. v. New York (In re Citron)*, 433 B.R. 62, 65 (Bankr. E.D.N.Y. 2010). Motions to reconsider under Bankruptcy Rule 9023, as motions to reconsider under Federal Rule of Civil Procedure 59, "are not vehicles for 'taking a second bite at the apple[.]'" *Rafter*, 288 Fed. Appx. at 769 (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Facts that are not in the record of the original hearing cannot be said to be facts that the court "overlooked." *Rafter*, 288 Fed. Appx. at 769. Apple Bank bears the burden of establishing that there were controlling decisions or data that the Court overlooked which might reasonably be expected to alter the conclusion reached by the Court. Apple Bank has not met that burden.

In the Motion to Reconsider, Apple Bank has pointed to no facts or case law which were overlooked by this Court in rendering its decision in connection with the Objection. Apple Bank asserts that Debtor was provided with notice on March 23, 2015 of $650 in fees due and Debtor failed to object to those fees until October 10, 2018; however, this assertion appears to contradict Apple Bank's statement in the Objection that the fees for which it asserts are still due "first became due on" July 1, 2018. The Motion to Reconsider seems to request a "do-over" of the Objection and Apple Bank has failed to provide this Court with any analysis or case law that warrants any supplement to any of the Court's decisions.

***The Motion to Reconsider should be denied under FRCP 60(b)***

In the Second Circuit, the reference to "mistake" in Rule 60(b)(1) has been held to include mistakes made by the court. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977) (citing *Tarkington v. United States Lines Co.*, 222 F.2d 358, 360 (2d Cir. 1955)); *In re Old Carco LLC*, 423 B.R. 40, 45 (Bankr. S.D.N.Y. 2010), *aff'd*, No. 10 CIV. 2493 (AKH), 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010), *aff'd sub nom.*, *Mauro Motors Inc. v. Old Carco LLC*, 420 Fed. Appx. 89 (2d Cir. 2011); *Coughlin*, 568 B.R. at 477. Further, the Second Circuit acknowledges that Rule 60(b) is not a substitute for a direct appeal from an erroneous judgment, and that a court may employ Rule 60(b)(1) to correct its own substantive error, whether a mistake of law or mistake of fact. *Old Carco*, 423 B.R. at 47; *Coughlin*, 568 B.R. at 477.

As Chief Judge Craig of this Court has stated, "The term 'mistake' as used in Rule 60(b)(1) refers to an excusable litigation mistake or a court's substantive mistake in law or fact. Excusable neglect is an 'elastic concept,' that considers all relevant circumstances, including prejudice to the non-movant, length of the delay, potential impact on judicial proceedings, reason for the delay (including whether it was within the control of the movant), and whether the movant acted in good faith." *In re Wassah*, 417 B.R. 175, 183 (Bankr. E.D.N.Y. 2009) (internal citations omitted); *Coughlin*, 568 B.R. at 477.

Apple Bank has failed to point to a substantive mistake in law or fact that this Court made in rendering its decision in connection with the Objection. Apple Bank asserts it did not know that it was required to attend the October 16 Hearing because the CM/ECF docket text for the Scheduling Order does not state Apple Bank's appearance was required. However, the Order scheduling the October 16 Hearing clearly provides that "Counsel for Lender shall also appear in connection with its Form 4100R [dkt entry 8/10/2018]." [dkt item 33] Although the CM/ECF

docket text did not contain all of the text from the Scheduling Order, that did not excuse Apple Bank from appearing at the October 16 Hearing; said otherwise, text entry on the CM/ECF docket does not control the requirements of an Order, which can only be gleaned from reading the Order.  In addition, Apple Bank has failed to address its non-appearance at the December 4 hearing it scheduled.

Therefore, the Motion to Reconsider lacks legal merit and should be denied.

Accordingly, it is hereby

**ORDERED**, that pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates FRCP 59 and 60, the Motion to Reconsider is denied.



| | |
|---|---|
| **Dated: January 25, 2019**<br>**Central Islip, New York** | _____<br>**Alan S. Trust**<br>**United States Bankruptcy Judge** |